IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-00486-BO-RJ

KESHA L. KNIGHT,                          )
                                          )
                    Plaintiff,            )
                                          )          **ANSWER TO PLAINTIFF'S**
v.                                        )   **SECOND AMENDED COMPLAINT**
                                          )          **BY THE CITY OF RALEIGH**
THE CITY OF RALEIGH, et al.,              )
                                          )
                    Defendants.           )
_____          )

Defendant City of Raleigh ("City") responds to Plaintiff's Second Amended

Complaint as follows:

## <u>FIRST DEFENSE</u>
**(Specifically Responding to the Numbered
Paragraphs of the Amended Complaint)**

## INTRODUCTION

1.      The City admits, based upon information and belief, that certain Raleigh

Police Department Officers entered Plaintiff's residence pursuant to a search warrant

signed by a Wake County Magistrate, that certain officers wore bodyworn cameras

on February 12, 2020, and that the recordings reflect the encounter at 3810 Grey

Harbor Drive, Unit 102 on February 12, 2020.  Except as admitted, the City lacks

sufficient knowledge and information to form a belief as to the truth of the remaining

allegations in paragraph 1 and therefore denies them.

## JURISDICTION AND VENUE

2.      Paragraph 2 contains legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, paragraph 2 is denied.

3.      Paragraph 3 contains legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, paragraph 3 is denied.

4.      Paragraph 4 contains legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, paragraph 4 is denied.

5.      The City admits that the February 12, 2020 incident occurred in Wake County.  Except as admitted, paragraph 5 is denied.

6.      The City lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 6 and therefore denies them.

7.      The City admits that the Western District is the proper division for an action brought against the City that is properly before the United States District Court for the Eastern District of North Carolina.  Except as admitted, paragraph 7 is denied.

8.      The City admits that the Western District is the proper division for an action brought against the City that is properly before the United States District Court for the Eastern District of North Carolina.  Except as admitted, paragraph 8 is denied.

## PARTIES

9.     The City lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 9 and therefore denies them.

10.     The City admits that it is a North Carolina municipal corporation, that it possesses a charter, and that the Raleigh Police Department ("RPD") is a component part of the City.  Except as admitted herein, the allegations of paragraph 10 state legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, paragraph 10 is denied.

11.     The City admits on information and belief that defendant D.W. Deach ("Officer Deach") is a citizen and resident of Wake County.  The City admits that as of February 2020, Officer Deach had been a law enforcement officer with RPD for more than thirteen years and that he was assigned to the Field Operations Flex Team in the North District.  Except as admitted herein, the allegations of paragraph 11 state legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, paragraph 11 is denied.

12.     The City admits that defendant Shawn Murray ("Officer Murray") was employed as a law enforcement officer with the Raleigh Police Department and assigned to the Selective Enforcement Unit ("SEU") in February 2020.  Except as admitted herein, the allegations of paragraph 12 state legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, paragraph 12 is denied.

13.     The City admits that defendant Tomie Matthews ("Officer Matthews") was employed as a law enforcement officer with the Raleigh Police Department and assigned to the SEU in February 2020.  Except as admitted herein, the allegations of paragraph 13 state legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, paragraph 13 is denied.

14.     The City admits on information and belief that defendant Mark Brodd ("Officer Brodd") is a citizen and resident of Wake County.  The City admits that Officer Brodd was employed as a law enforcement officer with the Raleigh Police Department and assigned to the SEU in February 2020.  Except as admitted herein, the allegations of paragraph 14 state legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, paragraph 14 is denied.

15.     The City admits on information and belief that defendant Jay Krueger ("Sergeant Krueger") is a citizen and resident of Wake County.  The City admits that Sergeant Krueger was employed as a law enforcement officer with the Raleigh Police Department and assigned to the SEU in February 2020.  Except as admitted herein, the allegations of paragraph 15 state legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, paragraph 15 is denied.

16.     The City admits that defendant Chase Schmidt ("Officer Schmidt") was employed as a law enforcement officer with the Raleigh Police Department and assigned to the SEU in February 2020.  Except as admitted herein, the allegations of

paragraph 16 state legal conclusions and arguments to which no response is required. To the extent a response is deemed necessary, paragraph 16 is denied.

17. The City admits, based upon information and belief, that certain RPD Officers entered Plaintiff's residence pursuant to a search warrant signed by a Wake County Magistrate, that certain officers wore bodyworn cameras on February 12, 2020, and that the recordings reflect the encounter at 3810 Grey Harbor Drive, Unit 102 on February 12, 2020. Except as admitted, the City lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 17 and therefore denies them.

## JURY DEMAND

18. Paragraph 18 does not contain allegations directed at the City and, therefore, no response is required. To the extent a response is deemed necessary, paragraph 18 is denied.

## PLAINTIFF'S ALLEGED FACTS

19. The City lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 19 and therefore denies them.

20. Paragraph 20 is denied.

21. The City lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 21 and therefore denies them.

22. The City is informed and believes, and therefore admits, that on February 12, 2020, Plaintiff resided at 3810 Grey Harbor Drive, Unit 102. Except as

admitted, the City lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 22 and therefore denies them.

23. The City lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 23 and therefore denies them.

24. The City lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 24 and therefore denies them.

25. The City lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 25 and therefore denies them.

26. The City lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 26 and therefore denies them.

27. The City admits, based upon information and belief, that certain RPD Officers entered Plaintiff's residence pursuant to a search warrant signed by a Wake County Magistrate, that certain officers wore bodyworn cameras on February 12, 2020, and that the recordings reflect the encounter at 3810 Grey Harbor Drive, Unit 102 on February 12, 2020. Except as admitted, the City lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 27 and therefore denies them.

28. The City admits, based upon information and belief, that certain RPD Officers entered Plaintiff's residence pursuant to a search warrant signed by a Wake County Magistrate, that certain officers wore bodyworn cameras on February 12, 2020, and that the recordings reflect the encounter at 3810 Grey Harbor Drive, Unit 102 on February 12, 2020. Except as admitted, the City lacks sufficient knowledge

and information to form a belief as to the truth of the remaining allegations in paragraph 28 and therefore denies them.

29.     The City admits, based upon information and belief, that certain RPD Officers entered Plaintiff's residence pursuant to a search warrant signed by a Wake County Magistrate, that certain officers wore bodyworn cameras on February 12, 2020, and that the recordings reflect the encounter at 3810 Grey Harbor Drive, Unit 102 on February 12, 2020. Except as admitted, the City lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 29 and therefore denies them.

30.     Paragraph 30 is denied.

31.     Paragraph 31 is denied.

32.     Paragraph 32 is denied.

33.     Paragraph 33 is denied.

34.     Paragraph 34 is denied.

35.     Paragraph 35 is denied.

36.     The City admits, based upon information and belief, that certain RPD Officers entered Plaintiff's residence pursuant to a search warrant signed by a Wake County Magistrate, that certain officers wore bodyworn cameras on February 12, 2020, and that the recordings reflect the encounter at 3810 Grey Harbor Drive, Unit 102 on February 12, 2020. Except as admitted, the City lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 36 and therefore denies them.

37.     The City admits, based upon information and belief, that certain RPD Officers entered Plaintiff's residence pursuant to a search warrant signed by a Wake County Magistrate, that certain officers wore bodyworn cameras on February 12, 2020, and that the recordings reflect the encounter at 3810 Grey Harbor Drive, Unit 102 on February 12, 2020.  Except as admitted, the City lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 37 and therefore denies them.

38.     The City admits, based upon information and belief, that certain RPD Officers entered Plaintiff's residence pursuant to a search warrant signed by a Wake County Magistrate, that certain officers wore bodyworn cameras on February 12, 2020, and that the recordings reflect the encounter at 3810 Grey Harbor Drive, Unit 102 on February 12, 2020.  Except as admitted, the City lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 38 and therefore denies them.

39.     The City admits, based upon information and belief, that certain RPD Officers entered Plaintiff's residence pursuant to a search warrant signed by a Wake County Magistrate, that certain officers wore bodyworn cameras on February 12, 2020, and that the recordings reflect the encounter at 3810 Grey Harbor Drive, Unit 102 on February 12, 2020.  Except as admitted, the City lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 39 and therefore denies them.

40.     The City admits, based upon information and belief, that certain RPD Officers entered Plaintiff's residence pursuant to a search warrant signed by a Wake County Magistrate, that certain officers wore bodyworn cameras on February 12, 2020, and that the recordings reflect the encounter at 3810 Grey Harbor Drive, Unit 102 on February 12, 2020. Except as admitted, the City lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 40 and therefore denies them.

41.     The City admits, based upon information and belief, that certain RPD Officers entered Plaintiff's residence pursuant to a search warrant signed by a Wake County Magistrate, that certain officers wore bodyworn cameras on February 12, 2020, and that the recordings reflect the encounter at 3810 Grey Harbor Drive, Unit 102 on February 12, 2020. Except as admitted, the City lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 41 and therefore denies them.

42.     Paragraph 42 is denied.

43.     Paragraph 43 is admitted, on information and belief.

44.     The City lacks sufficient knowledge and information to form a belief as to the truth of the allegation in paragraph 44 and therefore denies them.

45.     The City admits that RPD Officers did not find a firearm in the apartment. Except as admitted, paragraph 45 is denied.

46.     Paragraph 46 is denied.

47.     Paragraph 47 is denied.

48.     The City lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 48 and therefore denies them.

49.     The City lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 49 and therefore denies them.

50.     The City admits that on February 12, 2020 an RPD officer called EMS to assist Plaintiff.  Except as admitted, the allegations in paragraph 50 are denied.

51.     The City admits that on February 12, 2020 Plaintiff left the scene with EMS.  Except as admitted herein, the City lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 51 and therefore denies them.

52.     The City lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 52 and therefore denies them.

53.     The City lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 53 and therefore denies them.

54.     The City lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 54 and therefore denies them.

55.     The City lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 55 and therefore denies them.

56.     The City lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 56 and therefore denies them.

57.     The City lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 57 and therefore denies them.

58. The City denies that RPD officers lacked a reason for their actions on February 12, 2020. Except as denied, the City lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 58 and therefore denies them.

59. The City admits that the officers entered Plaintiff's home pursuant to a search warrant. Except as admitted, paragraph 59 is denied.

60. The City admits that the search warrant is the best evidence of its contents. Except as admitted, paragraph 60 is denied.

61. The City admits that the search warrant is the best evidence of its contents. Except as admitted, paragraph 61 is denied.

62. Paragraph 62 is denied.

63. The City lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 63 and therefore denies them.

64. The City lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 64 and therefore denies them.

65. The City lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 65 and therefore denies them.

66. Paragraph 66 is denied.

67. Paragraph 67 is denied.

68. The City lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 68 and therefore denies them.

69.     The City lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 69 and therefore denies them.

70.     Paragraph 70 is denied.

71.     Paragraph 71 is denied.

72.     Paragraph 72 is denied.

73.     The City lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 73 and therefore denies them.

74.     Paragraph 74 is denied.

75.     Paragraph 75 is denied.

76.     The City lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 76 and therefore denies them.

77.     Paragraph 77 is denied.

**FIRST CLAIM**
**(Alleged Fourth and Fourteenth Amendment Claim:**
**Search Warrant Procured by False Statements Against Officer Deach**
**Individually, 42 U.S.C. § 1983)**

78.     The City incorporates by reference its responses to paragraphs 1 through 77 of the Second Amended Complaint as if fully set forth herein.  The City also acknowledges that this First Claim applies by its terms only to persons other than the City.

79.     The allegations of paragraph 79 state legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, paragraph 79 is denied.

80.	The allegations of paragraph 80 state legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, paragraph 80 is denied.

81.	Paragraph 81 is denied on information and belief.

82.	The City lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 82 and therefore denies them.

83.	The City lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 83 and therefore denies them.

84.	Paragraph 84 is denied.

85.	Paragraph 85 is denied.

86.	The City lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 86 and therefore denies them.

87.	Paragraph 87 is denied.

88.	Paragraph 88 is denied.

89.	Paragraph 89 is denied.

90.	Paragraph 90 is denied.

91.	The allegations of paragraph 91 state legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, paragraph 91 is denied.

92.	Paragraph 92 is denied.

93.	Paragraph 93 is denied.

# SECOND CLAIM

## (Alleged Fourth and Fourteenth Amendment Claim: Unlawful Entry Against Officers Deach, Murray, Matthews, Brodd, Krueger, Schmidt, and Officers John and Jane Doe, 42 U.S.C. § 1983)

94.     The City incorporates by reference its responses to paragraphs 1 through 93 of the Second Amended Complaint as if fully set forth herein.  The City also acknowledges that this Second Claim applies by its terms only to persons other than the City.

95.     The allegations of paragraph 95 state legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, paragraph 95 is denied.

96.     The allegations of paragraph 96 state legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, paragraph 96 is denied.

97.     The City admits that certain officers wore bodyworn cameras on February 12, 2020, and that the recordings reflect the encounter at 3810 Grey Harbor Drive, Unit 102 on February 12, 2020.  Except as admitted, the City lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 97 and therefore denies them.

98.     The City admits that certain officers wore bodyworn cameras on February 12, 2020, and that the recordings reflect the encounter at 3810 Grey Harbor Drive, Unit 102 on February 12, 2020.  Except as admitted, the City lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 98 and therefore denies them.

99.    The allegations of paragraph 99 state legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, paragraph 99 is denied.

100.    The allegations of paragraph 100 state legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, paragraph 100 is denied.

101.    Paragraph 101 is denied.

102.    Paragraph 102 is denied.

103.    Paragraph 103 is denied.

104.    The allegations of paragraph 104 state legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, paragraph 104 is denied.

105.    Paragraph 105 is denied.

## THIRD CLAIM

**(Alleged Fourth Amendment: Unreasonable Seizure/Excessive Force Against Officers Murray, Matthews, Brodd, Krueger, Schmidt, and Officers John and Jane Doe, 42 U.S.C. § 1983)**

106.    The City incorporates by reference its responses to paragraphs 1 through 105 of the Second Amended Complaint as if fully set forth fully herein. The City also acknowledges that this Third Claim applies by its terms only to persons other than the City.

107.    Paragraph 107 is denied.

108.    The allegations of paragraph 108 state legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, paragraph 108 is denied.

109.    Paragraph 109 is denied.

## FOURTH CLAIM

**(Alleged Fourth Amendment Monell Liability Against the City of Raleigh: Unlawful Entry/Unreasonable Force, 42 U.S.C. § 1983)**

110.    The City incorporates by reference its responses to the allegations contained in paragraphs 1 through 109 of the Second Amended Complaint as if fully set forth herein.

111.    Paragraph 111 is denied.

112.    Paragraph 112 is denied.

113.    Paragraph 113 is denied.

114.    Paragraph 114 is denied.

115.    Paragraph 115 is denied.

116.    The City admits that Sergeant Krueger and Officers Murray, Matthews, Brodd, and Schmidt were members of SEU in February 2020.  Except as admitted herein the City lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 116 and therefore denies them.

117.    The City admits that the one U.S. Supreme Court decision cited is a document in writing that speaks for itself.  Except as admitted, paragraph 117 is denied.

118. The City admits that N.C. Gen. Stat. §§ 15A-249 and 15A-251 are documents in writing that speak for themselves. Except as admitted, paragraph 118 is denied.

119. Paragraph 119 is denied.

120. Paragraph 120 is denied.

121. Paragraph 121 is denied.

122. Paragraph 122 is denied.

123. Paragraph 123 is denied.

124. Paragraph 124 is denied.

125. Paragraph 125 is denied.

126. Paragraph 126 is denied.

127. Paragraph 127 is denied.

128. The City admits that officers addressing individuals inside 3867 Pin Oak Road wore bodyworn cameras and that the recordings reflect the encounter at 3867 Pin Oak Road. Except as admitted, paragraph 128 is denied.

129. Paragraph 129 is denied.

130. The City admits that agents from the North Carolina State Bureau of Investigation ("SBI") obtained search warrants for 3863 and 3867 Pin Oak Road and that drugs, a firearm, and $20,000.00 were recovered from within 3863 Pin Oak Road. Except as admitted, the City lacks knowledge and information sufficient to form a belief as to the remaining allegations in paragraph 130 and therefore denies them.

131.     Paragraph 131 is denied.

132.     Paragraph 132 is denied.

133.     Paragraph 133 is denied.

134.     The City admits that it has provided law enforcement recordings to Abraham Schewel pursuant to certain orders issued by Wake County Superior Court Judges.  Except as admitted, paragraph 134 is denied.

135.     Paragraph 135 is denied.

136.     Paragraph 136 is denied.

137.     Paragraph 137 is denied.

138.     The City admits that it has provided law enforcement recordings to Abraham Schewel pursuant to certain orders issued by Wake County Superior Court Judges.  Except as admitted, paragraph 138 is denied.

139.     Paragraph 139 is denied.

140.     The City admits that officers carrying out a search warrant at 5009 Royal Acres Road wore bodyworn cameras and that the recordings reflect the encounter.  Except as admitted, paragraph 140 is denied.

141.     The City admits that officers carrying out a search warrant at 5009 Royal Acres Road wore bodyworn cameras and that the recordings reflect the encounter.  Except as admitted, paragraph 141 is denied.

142.     Paragraph 142 is denied.

143.     The City admits that officers carrying out a search warrant at 1628 Burgundy Street, Apartment B, wore bodyworn cameras and that the recordings reflect the encounter.  Except as admitted, paragraph 143 is denied.

144.     Paragraph 144 is denied.

145.     The City admits that no drugs and no contraband were found in the home of Yolanda Irving.  Except as admitted, Paragraph 145 is denied.

146.     Paragraph 146 is denied.

147.     Paragraph 147 is denied.

148.     The City admits that Ms. Walton's home was not the subject of a search warrant on May 21, 2020, that certain residents provided consent, and that certain residents cooperated with the officers.  Except as admitted, Paragraph 148 is denied.

149.     Paragraph 149 is denied.

150.     The City admits that it has provided law enforcement recordings to Abraham Schewel pursuant to certain orders issued by Wake County Superior Court Judges.  Except as admitted, paragraph 150 is denied.

151.     Paragraph 151 is denied.

152.     Paragraph 152 is denied.

153.     Paragraph 153 is denied.

154.     Paragraph 154 is denied.

## FIFTH CLAIM

## (Alleged Negligence Against All Defendants)

155.     The City incorporates by reference its responses to paragraphs 1 through 154 of the Second Amended Complaint as if fully set forth herein.

156.     The allegations of paragraph 156 state legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, paragraph 156 is denied.

157.     Based on the allegations of the Second Amended Complaint, paragraph 157 is denied.

158.     Based on the allegations of the Second Amended Complaint, paragraph 158 is denied.

159.     The allegations of paragraph 159 state legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, paragraph 159 is denied.

160.     Based on the allegations of the Second Amended Complaint, paragraph 160 is denied.

161.     Paragraph 161 is denied.

162.     The allegations of paragraph 162 state legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, paragraph 162 is denied.

163.     Paragraph 163 is denied.

164.     Paragraph 164 is denied.

165.     Paragraph 165 is denied.

166.     Paragraph 166 is denied.

167.     Paragraph 167 is denied.

168.     Paragraph 168 is denied.

169.     The allegations of paragraph 169 state legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, paragraph 169 is denied.

170.     Paragraph 170 is denied.

171.     Paragraph 171 is denied.

172.     The allegations of paragraph 172 state legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, paragraph 172 is denied.

173.     Paragraph 173 is denied.

174.     Paragraph 174 is denied.

175.     Paragraph 175 is denied.

176.     Paragraph 176 is denied.

177.     The allegations of paragraph 177 state legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, paragraph 177 is denied.

178.     Paragraph 178 is denied.

179.     Paragraph 179 is denied.

180.     Paragraph 180 is denied.

181.    The City denies that it has waived any immunity. The remaining allegations of paragraph 181 state legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, paragraph 181 is denied in its entirety.

## SIXTH CLAIM
### (Alleged Assault claim Against All Defendants)

182.    The City incorporates by reference its responses to paragraphs 1 through 182 of the Second Amended Complaint as if set forth fully herein.

183.    Paragraph 183 is denied.

184.    Paragraph 184 is denied.

185.    Paragraph 185 is denied.

186.    The allegations of paragraph 186 state legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, paragraph 186 is denied.

187.    Paragraph 187 is denied.

188.    Paragraph 188 is denied.

189.    Paragraph 189 is denied.

190.    Any allegation of the Second Amended Complaint that is not specifically admitted is denied.

## SECOND DEFENSE

The City is a municipal corporation which was, at all times relevant to this action, providing law enforcement services, which is a governmental function. The

City and its law enforcement officers, in their official capacities are protected by governmental immunity in the performance of governmental functions, and this immunity has not been waived. Therefore, governmental immunity is pled in bar of any right to recovery in this action.

## THIRD DEFENSE

Plaintiff cannot establish that constitutional harm or violation of federal rights was inflicted by the RPD officers identified in the Second Amended Complaint. For this reason, Plaintiff has no viable *Monell* claim. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam).

## FOURTH DEFENSE

Legal justification and lawful privilege are pled as affirmative defenses in bar of Plaintiff's claims and recovery in this action, specifically including lawful conduct, compliance with applicable statutes and laws, potential danger to life or safety, potential destruction of evidence, the existence of reasonable suspicion, the existence of probable cause, and the existence of a search warrant properly issued by a Wake County Magistrate.

## FIFTH DEFENSE

Plaintiff alleges that RPD Officers acted with malice or corruption and that such conduct proximately caused injury to Plaintiff. Any malicious or corrupt conduct was not within the course and scope of an RPD Officer's employment with the City and cannot form the basis of liability against the City. Therefore, to the extent that this Court or a jury determines that an individual defendant acted maliciously or

corruptly, then the City has no vicarious liability for that defendant's acts committed outside the course and scope of City employment.

## SIXTH DEFENSE

To the extent that any individual defendant establishes that they acted within the course and scope of employment as a sworn law enforcement officer without malice or corruption, Public Official's Immunity bars Plaintiff's common law claims against those officers in their individual capacity. When Public Official's Immunity bars Plaintiff's common law claims against officers in their individual capacity, the City cannot be held vicariously liable for the conduct to which Public Official's Immunity applies.

## SEVENTH DEFENSE

As an affirmative defense, the City alleges that no act or actionable omission by the City was an affirmative causal link to any of injury for which Plaintiff seeks to recover.

## EIGHTH DEFENSE

No persistent and widespread policy or custom of the City caused or resulted in a deprivation or violation of Plaintiff's Constitutional rights. Therefore, the City has no liability to Plaintiff in this action.

## NINTH DEFENSE

RPD's policies, customs, and training comport with the United States Constitution and State law requirements and are pled in bar of any recovery in this action.

## TENTH DEFENSE

As an affirmative defense and based on information and belief, Plaintiff's claims for damages are barred, reduced, and/or limited pursuant to applicable statutory provisions and common law doctrines regarding limitations on costs and awards, mitigation of damages, failure to plead special damages, and setoffs.

## ELEVENTH DEFENSE

Because no duty of care was assumed by any Defendant, imposed on the City as a matter of law, or existed between Plaintiff and any Defendant, Plaintiff cannot recover from this Defendant. Defendants are not liable for any cause of action based in negligence, as Defendant has not breached any duty of care owed to Plaintiff.

## TWELFTH DEFENSE

Defendant alleges on information and belief that all Defendants at all times relevant to the Second Amended Complaint acted with both subjective and objective good faith, such that any claim for relief that Plaintiff may have is barred by law.

## THIRTEENTH DEFENSE

Individual Defendants took reasonable steps under the circumstances concerning the information provided by the confidential informant. The acts of the confidential informant intervened and superseded any alleged negligence of an individual Defendant. The doctrine of superseding and intervening acts is pled in bar of this action.

## FOURTEENTH DEFENSE

To the extent that the actions of the individual Defendants were unsupported by probable cause or reasonable suspicion, which is expressly denied, the actions of the individual Defendants were based upon a reasonable mistake of law or a reasonable mistake of fact, and the actions of the individual Defendants were valid, lawful, and reasonable in light of such reasonable mistake of law or reasonable mistake of fact. The valid, lawful, and reasonable conduct of the individual Defendants officers in light of a reasonable mistake of law or reasonable mistake of fact bars Plaintiffs' claims herein. Further, as Plaintiffs' claims against the individual Defendants are thus barred, the City cannot be held vicariously liable for their conduct.

## RESERVATION OF RIGHTS

The City reserves the right to plead additional affirmative defenses as the claims of Plaintiff are more fully disclosed during the course of this litigation.

## INCORPORATION OF INDIVIDUAL DEFENDANTS' AFFIRMATIVE DEFENSES

With respect to any of Plaintiff's claims against the City which are grounded in derivative liability, vicarious liability, or respondeat superior, the City incorporates by reference as if fully restated herein all affirmative defenses pled by any defendant, and to the extent that any of Plaintiff's claims are defeated in whole or in part by these defenses, any vicarious liability assigned to the City is likewise extinguished.

## <u>JURY DEMAND</u>

Pursuant to N.C. Gen. Stat. § 160A-485, the City does not request a trial by jury on issues related to insurance, immunity, or waiver of immunity. The City does, however, request a jury trial on all other issues so triable.

**WHEREFORE,** having fully answered the Plaintiff's Second Amended Complaint, the City respectfully requests that the Court:

1. Dismiss this action;

2. Deny Plaintiff's prayer for relief in its entirety;

3. Order that Plaintiff have and recover nothing from Defendants;

4. Tax the costs of this action against Plaintiff, including reasonable attorneys' fees for the defense of this action by the City and the individual defendants; and,

5. Grant such other and further relief in favor of Defendants as the Court deems just and proper.

Respectfully submitted, this the 3d day of April 2023.

**CITY OF RALEIGH**
**Robin L. Tatum, City Attorney**

By: /s/ Dorothy V. Kibler
DOROTHY V. KIBLER
Deputy City Attorney
N.C. Bar No. 13751
AMY C. PETTY
Senior Associate City Attorney
N.C. Bar No. 20894
P.O. Box 590
Raleigh, NC 27602
Tel: (919) 996-6560
Fax: (919) 996-7021
Dorothy.Kibler@raleighnc.gov
Amy.Petty@raleighnc.gov
*Attorneys for the City of Raleigh*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-00486-BO-RJ

| | | |
|---|---|---|
| KESHA L. KNIGHT, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| THE CITY OF RALEIGH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

I hereby certify that on April 3, 2023, I electronically filed the foregoing

**ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT BY THE**

**CITY OF RALEIGH** with the Clerk of Court using the CM/ECF system, which will

send notification of such filing to all counsel of record as follows:

Abraham Rubert-Schewel
TIN FULTON WALKER & OWEN,
PLLC
119 East Main Street
Durham, NC 27701
(919) 451-9216 phone
(718) 709-7612 fax
Email: schewel@tinfulton.com
*Attorneys for Plaintiff*

Emily Gladden
TIN FULTON WALKER & OWEN,
PLLC
204 N. Person Street
Raleigh, NC 27601
(919) 720-4201 phone
(919) 720-4640 fax
Email: egladden@tinfulton.com
*Attorneys for Plaintiff*

William G. Simpson, Jr.
TIN FULTON WALKER & OWEN,
PLLC
1526 E. Franklin St, Suite 102
Chapel Hill, NC 27514
(919) 240-7089 phone
(980) 217-3396 fax
Email: wsimpson@tinfulton.com
*Attorneys for Plaintiff*

Jason R. Benton
Jessica Dixon
PARKER POE ADAMS &
BERNSTEIN, LLP
620 South Tryon Street, Suite 800
Charlotte, NC 28202
Office: 704.335.9509
Fax: 704.335.9747
Email: jasonbenton@parkerpoe.com
*Attorneys for Defendant Deach*

Respectfully submitted,

**CITY OF RALEIGH**
**Robin L. Tatum, City Attorney**

By:    /s/ Dorothy V. Kibler
DOROTHY V. KIBLER
Deputy City Attorney
N.C. Bar No. 13571
P.O. Box 590
Raleigh, NC 27602
Tel: (919) 996-6560
Fax: (919) 996-7021
Dorothy.Kibler@raleighnc.gov
*Attorneys for the City of Raleigh*