**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION**

**Case No. 5:22-CV-00486-BO**

| | |
|---|---|
| YOLANDA IRVING, et al., | |
| Plaintiffs, | **DEFENDANT D.W. DEACH'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| v. | |
| THE CITY OF RALEIGH, et al., | |
| Defendants. | |

NOW COMES Defendant D.W. Deach ("Deach" or "this Defendant"), by and through counsel, and hereby responds to the Plaintiff's Complaint ("Complaint") (D.E. 27) by stating as follows:

**FIRST DEFENSE**
**(Specifically Responding to the Numbered Paragraphs of the Complaint)**

**INTRODUCTION**

1. With respect to the allegations contained in Paragraph 1, it is admitted that members of the Raleigh Police Department ("RPD") executed a search warrant at Plaintiff's home on or about February 12, 2020. It is further admitted that Plaintiff was home alone at the time of execution of the search warrant. Paragraph 1 also contains legal conclusions and arguments to which no response is required. To the extent a response is deemed to be required, and except as expressly admitted, the allegations of Paragraph 1 are denied.

**JURISDICTION AND VENUE**

2. Paragraph 2 contains legal conclusions and arguments to which no response is required. To the extent a response is deemed to be required, it is admitted that Plaintiff purports to assert claims pursuant to 42 U.S.C. § 1983. Deach expressly denies any allegation that he

violated Plaintiff's constitutional rights.  Except as admitted, denied.

3.      The allegations of Paragraph 3 contain legal conclusions to which no response is required.  To the extent a response is deemed to be required, Deach responds that he does not, at this time, challenge this Court's jurisdiction over this matter.  Except as admitted, denied.

4.      The allegations of Paragraph 4 contain legal conclusions to which no response is required.  To the extent a response is deemed to be required, Deach responds that he does not, at this time, challenge this Court's jurisdiction over this matter.  Except as admitted, denied.

5.      The allegations of Paragraph 5 contain legal conclusions to which no response is required.  To the extent a response is deemed to be required, it is admitted that execution of the search warrant of which Plaintiff complains occurred in Wake County, North Carolina.  Except as admitted, denied.

6.      The allegations of Paragraph 6 are denied for lack of information or knowledge sufficient to form a belief.

7.      With respect to the allegations contained in Paragraph 7, it is admitted that Deach lives in Wake County, North Carolina.  Except as expressly admitted, the allegations of Paragraph 7 are denied for lack of information or knowledge sufficient to form a belief.

8.      The allegations of Paragraph 8 contain legal conclusions to which no response is required.  To the extent a response is deemed to be required, Deach responds that he does not, at this time, challenge venue in this U.S. District Court.  Except as admitted, denied.

**PARTIES**

9.      The allegations of Paragraph 9 are denied for lack of information or knowledge sufficient to form a belief.

10.     The allegations of Paragraph 10 state legal conclusions that do not pertain to this

answering Defendant and, therefore, no response is required. To the extent a response is deemed to be required, it is admitted that the City of Raleigh maintains the RPD. It is further admitted that the Complaint contains *Monell* claims and vicarious liability claims against the City of Raleigh. Except as admitted, denied.

11.     With respect to the allegations of Paragraph 11, it is admitted that Deach resides in Wake County. It is further admitted that in February 2020, Deach had been employed as a police officer with the RPD since 2006 and was, at the time, assigned to the Field Operations Flex Team (FLEX) in the North District. Except as admitted, denied.

12.     With respect to the allegations of Paragraph 12, it is admitted upon information and belief that in February 2020, Shawn Murray was a police officer with the RPD and a member of the Selective Enforcement Unit (SEU). Except as admitted, the allegations of Paragraph 12 are denied for lack of information or knowledge sufficient to form a belief.

13.     With respect to the allegations of Paragraph 13, it is admitted upon information and belief that in February 2020, Tomie Matthews was a police officer with the RPD. Except as admitted, the allegations of Paragraph 13 are denied for lack of information or knowledge sufficient to form a belief.

14.     With respect to the allegations of Paragraph 14, it is admitted upon information and belief that in February 2020, Mark Brodd was a police officer with the RPD and a member of the SEU. Except as admitted, the allegations of Paragraph 14 are denied for lack of information or knowledge sufficient to form a belief.

15.     With respect to the allegations of Paragraph 15, it is admitted upon information and belief that in February 2020, Jay Krueger was a police officer with the RPD and a member of the SEU. Except as admitted, the allegations of Paragraph 15 are denied for lack of information or

knowledge sufficient to form a belief.

16.     With respect to the allegations of Paragraph 16, it is admitted upon information and belief that in February 2020, Chase Schmidt was a police officer with the RPD and a member of the SEU.  Except as admitted, the allegations of Paragraph 16 are denied for lack of information or knowledge sufficient to form a belief.

17.     The allegations of Paragraph 17 are denied for lack of information or knowledge sufficient to form a belief.

## JURY DEMAND

18.     Paragraph 18 does not contain any allegations directed at Deach and, as such, no response is required.  To the extent a response is deemed to be required, denied.

## FACTS

19.     The allegations of Paragraph 19 are denied for lack of information or knowledge sufficient to form a belief.

20.     The allegations of Paragraph 20 are denied for lack of information or knowledge sufficient to form a belief.

21.     The allegations of Paragraph 21 are denied for lack of information or knowledge sufficient to form a belief.

22.     With respect to the allegations contained in Paragraph 22, it is admitted upon information and belief that Plaintiff resided at 3810 102 Grey Harbor Drive on or about February 12, 2020.  Except as admitted, the allegations of Paragraph 22 are denied for lack of information or knowledge sufficient to form a belief.

23.     The allegations of Paragraph 23 are denied for lack of information or knowledge sufficient to form a belief.

24.     The allegations of Paragraph 24 are denied for lack of information or knowledge sufficient to form a belief.

25.     The allegations of Paragraph 25 are denied for lack of information or knowledge sufficient to form a belief.

26.     The allegations of Paragraph 26 are denied for lack of information or knowledge sufficient to form a belief.

27.     With respect to the allegations contained in Paragraph 27, it is admitted that on or about February 12, 2020, RPD SEU officers made entry into 3810 102 Grey Harbor Drive.  Except as admitted, the allegations of Paragraph 27, including all subparagraphs thereof, are denied for lack of information or knowledge sufficient to form a belief.

28.     The allegations of Paragraph 28 are denied for lack of information or knowledge sufficient to form a belief.

29.     The allegations of Paragraph 29 are denied for lack of information or knowledge sufficient to form a belief.

30.     The allegations of Paragraph 30 state legal conclusions that do not pertain to this answering Defendant and, therefore, no response is required.  To the extent a response is deemed to be required, the allegations of Paragraph 30 are denied for lack of information or knowledge sufficient to form a belief.

31.     The allegations of Paragraph 31 state legal conclusions that do not pertain to this answering Defendant and, therefore, no response is required.  To the extent a response is deemed to be required, the allegations of Paragraph 31 are denied.

32.     With respect to the allegations of Paragraph 32, it is admitted that RPD officers entered Ms. Knight's apartment pursuant to a search warrant which appears in writing and speaks

for itself.  Except as admitted, denied.

33.     With respect to the allegations contained in Paragraph 33, it is admitted that the subject search warrant is a document in writing that speaks for itself. It is expressly denied that Deach knew that any statements contained in the warrant application were false at the time that he submitted the application.  Except as admitted, denied

34.     Paragraph 34 contains legal conclusions and arguments to which no response is required.  To the extent a response is deemed to be required, the allegations of Paragraph 34 are denied.

35.     Paragraph 35 contains legal conclusions and arguments to which no response is required.  To the extent a response is deemed to be required, the allegations of Paragraph 35 are denied.

36.     The allegations of Paragraph 36 are denied for lack of information or knowledge sufficient to form a belief.

37.     The allegations of Paragraph 37 are denied for lack of information or knowledge sufficient to form a belief.

38.     The allegations of Paragraph 38 are denied for lack of information or knowledge sufficient to form a belief.

39.     The allegations of Paragraph 39 are admitted upon information and belief.

40.     The allegations of Paragraph 40 are denied for lack of information or knowledge sufficient to form a belief.

41.     The allegations of Paragraph 41 are denied for lack of information or knowledge sufficient to form a belief.

42.     Paragraph 42 contains legal conclusions and arguments to which no response is

required.  To the extent a response is deemed to be required, the allegations of Paragraph 42 are denied.

43.     The allegations of Paragraph 43 are admitted upon information and belief.

44.     With respect to the allegations of Paragraph 44, it is admitted that, during the execution of the subject search warrant, Deach did not discover evidence that someone other than Plaintiff was staying in her apartment. Except as admitted, denied.

45.     With respect to the allegations of Paragraph 45, it is admitted that no firearm was discovered in Plaintiff's apartment during the execution of the subject search warrant. Except as admitted, denied.

46.     Paragraph 46 contains legal conclusions and arguments to which no response is required.  To the extent a response is deemed to be required, the allegations of Paragraph 46 are denied.

47.     Paragraph 47 contains legal conclusions and arguments to which no response is required.  To the extent a response is deemed to be required, the allegations of 47 are denied.

48.     The allegations of Paragraph 48 are denied for lack of information or knowledge sufficient to form a belief.

49.     The allegations of Paragraph 49 are denied for lack of information or knowledge sufficient to form a belief.

50.     With respect to the allegations contained in Paragraph 50, it is admitted that Plaintiff reported that she did not feel well and that Deach called EMS.  Except as admitted, denied.

51.     The allegations of Paragraph 51 are denied for lack of information or knowledge sufficient to form a belief.

52.     The allegations of Paragraph 52 are denied for lack of information or knowledge

sufficient to form a belief.

53.     The allegations of Paragraph 53 are denied for lack of information or knowledge sufficient to form a belief.

54.     The allegations of Paragraph 54 are denied for lack of information or knowledge sufficient to form a belief.

55.     The allegations of Paragraph 55 are denied for lack of information or knowledge sufficient to form a belief.

56.     The allegations of Paragraph 56 are denied for lack of information or knowledge sufficient to form a belief.

57.     The allegations of Paragraph 57 are denied for lack of information or knowledge sufficient to form a belief.

58.     The allegations of Paragraph 58 are denied.

59.     With respect to the allegations contained in Paragraph 59, it is admitted that RPD officers had a search warrant to enter Plaintiff's home.  Except as admitted, denied.

60.     With respect to the allegations contained in Paragraph 60, it is admitted that Deach applied for a warrant for the search of 3810 102 Grey Harbor Drive and that a magistrate issued the warrant.  It is further admitted that the search warrant is a document in writing that speaks for itself and is the best evidence of its contents.  Except as admitted, denied.

61.     With respect to the allegations contained in Paragraph 61, it is admitted that the search warrant application is a document in writing that speaks for itself and is the best evidence of its contents.  Except as admitted, denied.

62.     With respect to the allegations contained in Paragraph 62, it is expressly denied that Deach knew that any statements contained in the warrant application were false at the time that he

submitted the application.  Except as admitted, denied.

63.    The allegations of Paragraph 63 are denied for lack of information or knowledge sufficient to form a belief.

64.    The allegations of Paragraph 64 are denied for lack of information or knowledge sufficient to form a belief.

65.    The allegations of Paragraph 65 are denied for lack of information or knowledge sufficient to form a belief.

66.    The allegations of Paragraph 66 are denied.

67.    The allegations of Paragraph 67 are denied.

68.    With respect to the allegations of Paragraph 68, it is admitted that the search warrant application is a document in writing that speaks for itself.  Except as admitted, denied.

69.    With respect to the allegations contained in Paragraph 69, it is admitted that the search warrant application is a document in writing that speaks for itself.  Except as admitted, denied.

70.    The allegations of Paragraph 70 are denied.

71.    The allegations of Paragraph 71 are denied.

72.    The allegations of Paragraph 72 are denied.

73.    With respect to the allegations of Paragraph 73, it is admitted that Deach did not send a confidential informant to Ms. Knight's apartment to ask for Terrence Campbell.  Except as admitted, denied.

74.    With respect to the allegations of Paragraph 74, it is admitted that Deach did not arrange a controlled buy for narcotics at Ms. Knight's apartment.  Except as admitted, denied.

75.    The allegations of Paragraph 75 are denied.

76.     With respect to the allegations of Paragraph 76, it is admitted that the buildings in the Villages East apartment complex are similar in appearance.  It is further admitted that the unit numbers for the various apartments are not visible from the street or apartment walkways.  Except as admitted, denied.

77.     The allegations of Paragraph 77 are denied.

### FIRST CLAIM FOR RELIEF
42 U.S.C. § 1983
Search Warrant Procured by False Statements
Defendant Deach

78.     Deach incorporates by reference, as if fully set forth herein, his preceding responses to the Complaint.

79.     Paragraph 79 contains legal conclusions and arguments to which no response is required.  To the extent a response is deemed to be required, it is admitted that Plaintiff purports to assert claims in this action against Deach in his individual capacity. Except as admitted, denied.

80.     Paragraph 80 contains legal conclusions and arguments to which no response is required.  To the extent a response is deemed to be required, the allegations of Paragraph 80 are admitted.

81.     With respect to the allegations contained in Paragraph 81, it is admitted that the subject search warrant application is a document in writing that speaks for itself. It is expressly denied that Deach knew that any statements contained in the warrant application were false at the time that he submitted the application.  Except as admitted, denied.

82.     With respect to the allegations of Paragraph 82, it is expressly denied that Deach knew that any statements contained in the warrant application were false at the time that he submitted the application.  The remaining allegations of Paragraph 82 are denied for lack of information or knowledge sufficient to form a belief.

83.     Paragraph 83 contains legal conclusions and arguments to which no response is required.  To the extent a response is deemed to be required, the allegations of Paragraph 83 are denied for lack of information or knowledge sufficient to form a belief.

84.     The allegations of Paragraph 84 are denied.

85.     The allegations of Paragraph 85, including all subparagraphs thereof, are denied.

86.     With respect to the allegations contained in Paragraph 86, it is admitted that the subject search warrant application is a document in writing that speaks for itself. Except as admitted, the allegations of Paragraph 86, including all subparagraphs thereof, are denied.

87.     Paragraph 87 contains legal conclusions and arguments to which no response is required.  To the extent a response is deemed to be required, the allegations of Paragraph 87 are denied.

88.     Paragraph 88 contains legal conclusions and arguments to which no response is required.  To the extent a response is deemed to be required, the allegations of Paragraph 88 are denied for lack of information or knowledge sufficient to form a belief.

89.     Paragraph 89 contains legal conclusions and arguments to which no response is required.  To the extent a response is deemed to be required, the allegations of Paragraph 89 are denied for lack of information or knowledge sufficient to form a belief.

90.     Paragraph 90 contains legal conclusions and arguments to which no response is required.  To the extent a response is deemed to be required, the allegations of Paragraph 90 are denied for lack of information or knowledge sufficient to form a belief.

91.     Paragraph 91 contains legal conclusions and arguments to which no response is required.  To the extent a response is deemed to be required, it is expressly denied that Deach knew any statements contained in his application for a search warrant were false at the time he applied

for the warrant.  Except as admitted, denied.

92.    The allegations of Paragraph 92 are denied.

93.    The allegations of Paragraph 93 are denied.

**SECOND CLAIM FOR RELIEF**
42 U.S.C. § 1983
Unlawful Entry
Defendants Deach, Murray, Matthews, Brudd (sic), Krueger, Schmidt,
John & Jane Doe RPD Officers

94.    Deach incorporates by reference, as if fully set forth herein, his preceding responses to the Complaint.

95.    Paragraph 95 contains legal conclusions and arguments to which no response is required.  To the extent a response is deemed to be required, it is admitted that Plaintiff purports to assert claims in this action against Deach and other named RPD officers in their individual capacities. Except as admitted, denied.

96.    Paragraph 96 contains legal conclusions and arguments to which no response is required.  To the extent a response is deemed to be required, the allegations of Paragraph 96 are admitted.

97.    The allegations of Paragraph 97 are denied as to Deach.

98.    The allegations of Paragraph 98 are denied for lack of information or knowledge sufficient to form a belief.

99.    The allegations of Paragraph 99 state legal conclusions that do not pertain to this answering Defendant and, therefore, no response is required.  To the extent a response is deemed to be required, it is admitted that N.C. Gen. Stat. § 15A-249 appears in writing and speaks for itself.  Except as admitted, denied.

100.    The allegations of Paragraph 100 state legal conclusions that do not pertain to this

answering Defendant and, therefore, no response is required.  To the extent a response is deemed to be required, it is admitted that N.C. Gen. Stat. § 15A-251 appears in writing and speaks for itself.  Except as admitted, denied.

101.    The allegations of Paragraph 101 state legal conclusions that do not pertain to this answering Defendant and, therefore, no response is required.  To the extent a response is deemed to be required, the allegations of Paragraph 101 are denied for lack of information or knowledge sufficient to form a belief.

102.    The allegations of Paragraph 102 state legal conclusions that do not pertain to this answering Defendant and, therefore, no response is required.  To the extent a response is deemed to be required, the allegations of Paragraph 102 are denied for lack of information or knowledge sufficient to form a belief.

103.    The allegations of Paragraph 103 are denied.

104.    The allegations of Paragraph 104 state legal conclusions that do not pertain to this answering Defendant and, therefore, no response is required.  To the extent a response is deemed to be required, the allegations of Paragraph 104 are denied for lack of information or knowledge sufficient to form a belief.

105.    The allegations of Paragraph 105 state legal conclusions that do not pertain to this answering Defendant and, therefore, no response is required.  To the extent a response is deemed to be required, the allegations of Paragraph 105 are denied.

**THIRD CLAIM FOR RELIEF**
**42 U.S.C. § 1983**
**Unreasonable Seizure/Excessive Force**
Defendants John & Jane Doe RPD Officers

106.    Deach incorporates by reference, as if fully set forth herein, his preceding responses to the Complaint.

107.    The allegations of Paragraph 107 state legal conclusions that do not pertain to this answering Defendant and, therefore, no response is required.  To the extent a response is deemed to be required, the allegations of Paragraph 107 are denied.

108.    The allegations of Paragraph 108 state legal conclusions that do not pertain to this answering Defendant and, therefore, no response is required.  To the extent a response is deemed to be required, it is admitted that Plaintiff purports to assert claims in this action against the named RPD officers in their individual capacities. Except as admitted, denied.

109.    The allegations of Paragraph 109 state legal conclusions that do not pertain to this answering Defendant and, therefore, no response is required.  To the extent a response is deemed to be required, the allegations of Paragraph 109 are denied.

**FOURTH CLAIM FOR RELIEF**
**42 U.S.C. § 1983**
**Monell Claims (Unlawful entry & Unreasonable Force)**
Defendant City of Raleigh

110.    Deach incorporates by reference, as if fully set forth herein, his preceding responses to the Complaint.

111.    The allegations of Paragraph 111 pertain to a defendant other than Deach and, as such, no response is required.  To the extent that a response is deemed to be required, the allegations of Paragraph 111 are denied.

112.    The allegations of Paragraph 112 pertain to a defendant other than Deach and, as such, no response is required.  To the extent that a response is deemed to be required, the allegations of Paragraph 112 are denied.

113.    The allegations of Paragraph 113 pertain to a defendant other than Deach and, as such, no response is required.  To the extent that a response is deemed to be required, the allegations of Paragraph 113 are denied.

114.    The allegations of Paragraph 114 pertain to a defendant other than Deach and, as such, no response is required.  To the extent that a response is deemed to be required, the allegations of Paragraph 114 are denied.

115.    The allegations of Paragraph 115 pertain to a defendant other than Deach and, as such, no response is required.  To the extent that a response is deemed to be required, the allegations of Paragraph 115 are denied.

116.    With respect to the allegations of Paragraph 116, it is admitted upon information and belief that in February 2020, Defendants Murray, Brodd, Krueger, and Schmidt were members of the RPD SEU team.  Except as admitted, the allegations of Paragraph 116 are denied for lack of information or knowledge sufficient to form a belief.

117.    Paragraph 117 contains legal conclusions and arguments to which no response is required.  To the extent a response is deemed to be required, it is admitted that the referenced U.S. Supreme Court decision is a document in writing that speaks for itself.  Except as admitted, denied.

118.    Paragraph 118 contains legal conclusions to which no response is required.  To the extent a response is deemed to be required, it is admitted that North Carolina General statutes are documents in writing that speak for themselves.  Except as admitted, denied.

119.    The allegations of Paragraph 119 are denied.

120.    The allegations of Paragraph 120 are denied.

121.    The allegations of Paragraph 121 are denied for lack of information or knowledge sufficient to form a belief.

122.    The allegations of Paragraph 122 are denied.

123.    The allegations of Paragraph 123 are denied.

124.    The allegations of Paragraph 124 are denied.

125.     Paragraph 125 contains legal conclusions and arguments to which no response is required.  To the extent a response is deemed to be required, the allegations of Paragraph 125 are denied for lack of information or knowledge sufficient to form a belief.

126.     The allegations of Paragraph 126 are denied for lack of information or knowledge sufficient to form a belief.

127.     The allegations of Paragraph 127 are denied for lack of information or knowledge sufficient to form a belief.  Moreover, such allegations are immaterial and impertinent and should be stricken from the Complaint pursuant to F.R.C.P. 12(f).

128.     The allegations of Paragraph 128 are denied for lack of information or knowledge sufficient to form a belief.  Moreover, such allegations are immaterial and impertinent and should be stricken from the Complaint pursuant to F.R.C.P. 12(f).

129.     The allegations of Paragraph 129 are denied for lack of information or knowledge sufficient to form a belief.  Moreover, such allegations are immaterial and impertinent and should be stricken from the Complaint pursuant to F.R.C.P. 12(f).

130.     The allegations of Paragraph 130 are denied for lack of information or knowledge sufficient to form a belief.  Moreover, such allegations are immaterial and impertinent and should be stricken from the Complaint pursuant to F.R.C.P. 12(f).

131.     The allegations of Paragraph 131 are denied for lack of information or knowledge sufficient to form a belief.

132.     The allegations of Paragraph 132 are denied for lack of information or knowledge sufficient to form a belief.

133.     The allegations of Paragraph 133 state legal conclusions that do not pertain to this answering Defendant and, therefore, no response is required.  To the extent a response is deemed

to be required, denied.

134.    The allegations of Paragraph 134 are denied for lack of information or knowledge sufficient to form a belief.

135.    The allegations of Paragraph 135 are denied for lack of information or knowledge sufficient to form a belief.

136.    The allegations of Paragraph 136 are denied for lack of information or knowledge sufficient to form a belief.

137.    The allegations of Paragraph 137 state legal conclusions that do not pertain to this answering Defendant and, therefore, no response is required.  To the extent a response is deemed to be required, denied.

138.    The allegations of Paragraph 138 are denied for lack of information or knowledge sufficient to form a belief.

139.    The allegations of Paragraph 139 are denied for lack of information or knowledge sufficient to form a belief.

140.    The allegations of Paragraph 140 are denied for lack of information or knowledge sufficient to form a belief.

141.    The allegations of Paragraph 141 are denied for lack of information or knowledge sufficient to form a belief.

142.    The allegations of Paragraph 142 state legal conclusions that do not pertain to this answering Defendant and, therefore, no response is required.  To the extent a response is deemed to be required, denied.

143.    The allegations of Paragraph 143 are denied for lack of information or knowledge sufficient to form a belief.

144.     The allegations of Paragraph 144 are denied for lack of information or knowledge sufficient to form a belief.

145.     The allegations of Paragraph 145 are denied for lack of information or knowledge sufficient to form a belief.

146.     The allegations of Paragraph 146 are denied for lack of information or knowledge sufficient to form a belief.

147.     The allegations of Paragraph 147 are denied for lack of information or knowledge sufficient to form a belief.

148.     The allegations of Paragraph 148 are denied for lack of information or knowledge sufficient to form a belief.

149.     The allegations of Paragraph 149 state legal conclusions that do not pertain to this answering Defendant and, therefore, no response is required.  To the extent a response is deemed to be required, denied.

150.     The allegations of Paragraph 150 are denied for lack of information or knowledge sufficient to form a belief.

151.     The allegations of Paragraph 151 are denied.

152.     The allegations of Paragraph 152 are denied.

153.     The allegations of Paragraph 153 are denied.

154.     The allegations of Paragraph 154 are denied.

**FIFTH CLAIM FOR RELIEF**
**NEGLIGENCE**
Defendants Deach, Murray, Matthews,
Brudd (sic), Krueger, Schmidt,
RPD Officers John & Jane Doe,
City of Raleigh

155.     Deach incorporates by reference, as if fully set forth herein, his preceding responses

to the Complaint.

156.     Paragraph 156 contains legal conclusions and arguments to which no response is required.  To the extent a response is deemed to be required, it is admitted that Plaintiff purports to assert claims in this action against Deach and other named RPD officers in this action in their individual capacities. Except as admitted, denied.

157.     The allegations of Paragraph 157 state legal conclusions to which no response is required.  To the extent a response is deemed to be required, the allegations of Paragraph 157 are admitted.

158.     The allegations of Paragraph 158 state legal conclusions to which no response is required.  To the extent a response is deemed to be required, it is admitted that Deach was a police officer employed with the RPD and that he was acting within the course and scope of that employment when he obtained and executed the search warrant at Ms. Knight's apartment.  Except as admitted, denied.

159.     Paragraph 159 contains legal conclusions and arguments to which no response is required.  To the extent a response is deemed to be required, denied.

160.     Paragraph 160 contains legal conclusions and arguments to which no response is required.  To the extent a response is deemed to be required, the allegations of Paragraph 160 are denied for lack of information or knowledge sufficient to form a belief.

161.     Paragraph 161 contains legal conclusions and arguments to which no response is required.  To the extent a response is deemed to be required, it is only admitted that Deach owed Ms. Knight such duties as are imposed by law and that he fulfilled the same.  Except as admitted, denied.

162.     The allegations of Paragraph 162, including all subparagraphs thereof, are denied.

163. The allegations of Paragraph 163 are denied.

164. The allegations of Paragraph 164 are denied.

165. Paragraph 165 contains legal conclusions and arguments to which no response is required. To the extent a response is deemed to be required, it is only admitted that Deach owed Ms. Knight such duties as are imposed by law and that he fulfilled the same. Except as admitted, denied.

166. The allegations of Paragraph 166 are denied.

167. The allegations of Paragraph 167 are denied.

168. Paragraph 168 contains legal conclusions and arguments to which no response is required. To the extent a response is deemed to be required, it is admitted that N.C. Gen. Stat. § 15A-249 appears in writing and speaks for itself. Except as admitted, denied.

169. Paragraph 169 contains legal conclusions and arguments to which no response is required. To the extent a response is deemed to be required, it is admitted that N.C. Gen. Stat. § 15A-251 appears in writing and speaks for itself. Except as admitted, denied.

170. The allegations of Paragraph 170 are denied.

171. Paragraph 171 contains legal conclusions and arguments to which no response is required. To the extent a response is deemed to be required, it is admitted that Plaintiff purports to assert claims in this action against Deach and other named RPD officers in this action in their individual capacities. Except as admitted, denied.

172. Paragraph 172 contains legal conclusions and arguments to which no response is required. To the extent a response is deemed to be required, the allegations of Paragraph 172 are denied.

173. The allegations of Paragraph 173 are denied.

174. The allegations of Paragraph 174 are denied.

175. The allegations of Paragraph 175 are denied.

176. The allegations of Paragraph 176 state legal conclusions that do not pertain to this answering Defendant and, therefore, no response is required. To the extent a response is deemed to be required, denied.

177. The allegations of Paragraph 177 state legal conclusions that do not pertain to this answering Defendant and, therefore, no response is required. To the extent a response is deemed to be required, denied.

178. The allegations of Paragraph 178 state legal conclusions that do not pertain to this answering Defendant and, therefore, no response is required. To the extent a response is deemed to be required, denied.

179. The allegations of Paragraph 179 state legal conclusions that do not pertain to this answering Defendant and, therefore, no response is required. To the extent a response is deemed to be required, denied.

180. The allegations of Paragraph 180 state legal conclusions that do not pertain to this answering Defendant and, therefore, no response is required. To the extent a response is deemed to be required, denied for lack of information or knowledge.

181. The allegations of Paragraph 181 are denied.

### SIXTH CLAIM FOR RELIEF
### ASSAULT
Defendants Murray, Matthews, Brudd (sic),
Krueger, Schmidt, RPD Officers Jane & John Doe
City of Raleigh

182. Deach incorporates by reference, as if fully set forth herein, his preceding responses to the Complaint.

183.    The allegations of Paragraph 183 state legal conclusions that do not pertain to this answering Defendant and, therefore, no response is required.  To the extent a response is deemed to be required, denied.

184.    The allegations of Paragraph 184 state legal conclusions that do not pertain to this answering Defendant and, therefore, no response is required.  To the extent that a response is deemed to be required, the allegations of Paragraph 184 are denied for lack of information or knowledge sufficient to form a belief.

185.    The allegations of Paragraph 185 state legal conclusions that do not pertain to this answering Defendant and, therefore, no response is required.  To the extent that a response is deemed to be required, the allegations of Paragraph 185 are denied for lack of information or knowledge sufficient to form a belief.

186.    The allegations of Paragraph 186 state legal conclusions and arguments that do not pertain to this answering Defendant and, therefore, no response is required.  To the extent a response is deemed to be required, it is admitted upon information and belief that Plaintiff purports to assert claims in this action against Defendants Murray, Matthews, Brodd, Krueger, and Schmidt Deach in their individual capacities.  Except as admitted, denied.

187.    The allegations of Paragraph 187 state legal conclusions and arguments that do not pertain to this answering Defendant and, therefore, no response is required.  To the extent a response is deemed to be required, the allegations of Paragraph 187 are denied for lack of information or knowledge sufficient to form a belief.

188.    The allegations of Paragraph 188 state legal conclusions and arguments that do not pertain to this answering Defendant and, therefore, no response is required.  To the extent a response is deemed to be required, the allegations of Paragraph 188 are denied for lack of

information or knowledge sufficient to form a belief.

189.     The allegations of Paragraph 189 state legal conclusions and arguments that do not pertain to this answering Defendant and, therefore, no response is required.  To the extent a response is deemed to be required, the allegations of Paragraph 189 are denied for lack of information or knowledge sufficient to form a belief.

IN ADDITION TO THE FOREGOING, ALL HEADINGS CONTAINED IN THE COMPLAINT ARE DENIED, AS ARE ANY REMAINING ALLEGATIONS IN THE COMPLAINT.

## SECOND DEFENSE
### (Failure to State a Claim)

Deach preserves his defense under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as the Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## THIRD DEFENSE
### (Objectively Reasonable)

At all times relevant to the Complaint, the conduct of Deach was objectively reasonable and did not violate any clearly established constitutional rights of Plaintiff.  Conduct which is objectively reasonable cannot be negligent, nor can conduct which did not violate clearly established constitutional rights.  Accordingly, Deach did not breach any legal duty owed to the Plaintiff.

## FOURTH DEFENSE
### (Qualified Immunity)

Deach is entitled to qualified immunity from the individual-capacity federal constitutional claims asserted against him.

## FIFTH DEFENSE
### (Public Official Immunity)

At all times relevant to this action, Deach was a sworn public officer, acting in his official

capacity, and is entitled to public officer or public official immunity, which is pleaded in bar of Plaintiff's claims.

## SIXTH DEFENSE
### (Probable Cause)

The searches, detentions, and/or arrests that are the subject of Plaintiff's claims were supported by probable cause.

## SEVENTH DEFENSE
### (Lack of Proximate Cause)

Any alleged misconduct on the part of Deach, which has been and is again denied, did not proximately cause any damages to Plaintiff.

## EIGHTH DEFENSE
### (Legal Justification)

Legal justification is pled as an affirmative defense in bar of Plaintiff's right to recover in this action.

## NINTH DEFENSE
### (Compliance)

Deach should incur no liability in this action because at the time of the acts alleged in the Complaint, he acted in good faith, in conformance with RPD policies and procedures, without any wrongful intent, and with a reasonable belief that his conduct was in conformance with North Carolina state and federal laws, as well as consistent with the U.S. Constitution.

## TENTH DEFENSE
### (Limitations)

Plaintiff's claims for damages are barred, reduced, and/or limited pursuant to applicable statutory provisions and common law doctrines regarding limitations on awards, caps on damages, laches and setoffs.

## ELEVENTH DEFENSE
### (Public Duty Doctrine)

Plaintiff's claims may be barred, in whole or in part, by the public duty doctrine.

## TWELFTH DEFENSE
### (Notice of Additional Defenses)

Deach reserves the right to plead additional affirmative defenses as may be revealed during disclosure and/or discovery proceedings in this matter and likewise plead all defenses pled by all co-defendants in this action.

**WHEREFORE**, having fully answered the Second Amended Complaint (D.E. 27) of the Plaintiff, Deach respectfully requests the following:

1.      That the Court dismiss this action as to Deach;

2.      That the Plaintiff have and recover nothing from Deach;

3.      That the Court award Deach his reasonable attorneys' fees and costs for the defense of this action; and

4.      Any other such relief in favor of Deach as the Court may deem just and proper.

Respectfully submitted, this the 3rd day of April, 2023.

/s/ Jason R. Benton
Jason R. Benton
N.C. State Bar No. 27710
Jessica C. Dixon
N.C. State Bar No. 36719
**PARKER POE ADAMS & BERNSTEIN LLP**
Bank of America Tower
620 S. Tryon St., Suite 800
Charlotte, NC 28202
Telephone: (704) 372.9000
Facsimile:  (704) 334.4706
Email: jasonbenton@parkerpoe.com
        jessicadixon@parkerpoe.com

*Attorneys for Defendant D.W. Deach*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on this date, the foregoing **Defendant D. W. Deach's Answer to Plaintiffs' Second Amended Complaint** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification and serve same upon counsel of record via the Court's electronic case filing system.

This the 3rd day of April, 2023.

/s/ Jason R. Benton
Jason R. Benton
N.C. State Bar No. 27710
Jessica C. Dixon
N.C. State Bar No. 36719
**PARKER POE ADAMS & BERNSTEIN LLP**
Bank of America Tower
620 S. Tryon St., Suite 800
Charlotte, NC 28202
Telephone: (704) 372.9000
Facsimile:  (704) 334.4706
Email: jasonbenton@parkerpoe.com
            jessicadixon@parkerpoe.com

*Attorneys for Defendant D.W. Deach*
