IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:22-cv-00486-BO-RJ

| | |
|---|---|
| KESHA L. KNIGHT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE CITY OF RALEIGH; D.W. ) <br> DEACH, individually; SHAWN ) <br> MURRAY, individually; TOMIE ) <br> MATTHEWS, individually; MARK ) <br> BRODD, individually; JAY KRUEGER, ) <br> individually; CHASE SCHMIDT, ) <br> individually; John and Jane Doe Officer ) <br> 1-5, individually, ) <br> ) <br> Defendants. ) | **SEU DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(6)** |

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Officers Shawn Murray, Tomie Matthews, Mark Brodd, Jay Krueger, and Chase Schmidt, members of the Raleigh Police Department's Selective Enforcement Unit (collectively, the "SEU Defendants"), through counsel, move to dismiss each of the claims asserted against them in Kesha L. Knight's Second Amended Complaint, namely, her claims of unlawful entry (claim two), excessive force (claim three), negligence (claim five), and assault (claim six). In support of this motion, the SEU Defendants show the following:

1.  As to Ms. Knight's claim of unlawful entry, because the Second Amended Complaint's allegations show that the SEU Defendants were executing a search warrant for narcotics activity where the evidence could easily be destroyed, exigent circumstances supported their entry without first waiting for Ms. Knight to respond to their presence. See, e.g., Wilson v. Arkansas, 514 U.S. 927, 936 (1995); Richards v. Wisconsin, 520 U.S. 385, 394 (1997); United

States v. Banks, 540 U.S. 31, 37 (2003); United States v. Kennedy, 32 F.3d 876, 882 (4th Cir. 1994); United States v. Lalor, 996 F.2d 1578, 1584–85 (4th Cir. 1993). Furthermore, the SEU Defendants were protected by qualified immunity, because their conduct was not contrary to any clearly established law. See City of Tahlequah v. Bond, 142 S. Ct. 9, 11 (2021); Evans v. Chalmers, 703 F.3d 636, 646 (4th Cir. 2012).

2. As to the claim of excessive force, Ms. Knight expressly asserts this claim against the John & Jane Doe Officers, only. DE 27 at 19. Thus, to the extent Ms. Knight purports to assert this claim against the SEU Defendants, it fails as to form. See Fed. R. Civ. P. 8(a). To the extent this claim is asserted against the SEU Defendants, Ms. Knight's excessive force claim fails as to the merits, because it is clearly established that it is reasonable for officers to point their firearms at unknown occupants of a residence when entering to execute a search warrant. See, e.g., Unus v. Kane, 565 F.3d 103, 110–11, 118 (4th Cir. 2009); Bellotte v. Edwards, 629 F.3d 415, 425-26 (4th Cir. 2011); see also United States v. Sinclair, 983 F.2d 598, 602–03 (4th Cir. 1993). Indeed, this Court recently concluded the same under similar circumstances. See Irving v. City of Raleigh, No. 5:22-CV-68-BO, 2023 WL 2484822, at *2 (E.D.N.C. Mar. 13, 2023).

3. As to Ms. Knight's negligence claim, the allegations in the Second Amended Complaint show that the SEU Defendants complied with North Carolina law by immediately entering the premises with weapons drawn when executing a search warrant for drugs, where a felon in possession of a firearm was expected to be present. See N.C. Gen. Stat. § 15A-251(2); see also State v. Reid, 151 N.C. App. 420, 426, 566 S.E.2d 186, 190 (2002); see also State v. Moose, 101 N.C. App. 59, 68, 398 S.E.2d 898, 903 (1990). Additionally, the SEU Defendants, as officers, are entitled to public official immunity from negligence claims, unless they acted with malice. See In re Annexation Ordinance No. 300-X, 304 N.C. 549, 551, 284 S.E.2d 470, 472

(1981); Turner v. City of Greenville, 197 N.C. App. 562, 566, 677 S.E.2d 480, 483 (2009). Ms. Knight's allegations as to malice are purely conclusory and implausible, and thus are insufficient to show that the SEU Defendants waived public official immunity. See McCullers v. Lewis, 265 N.C. App. 216, 228, 828 S.E.2d 524, 535 (2019); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

4. As to Ms. Knight's assault claim, the allegations in the Second Amended Complaint show that the SEU Defendants acted lawfully in securing the premises by keeping their weapons drawn. Jackson v. Daniels, 196 N.C. App. 517, 675 S.E.2d 154, 2009 WL 1054002, at *6 (quoting L.A. Cty. v. Rettele, 550 U.S. 609, 614 (2007)); see also N.C. Gen. Stat. § 15A-256; see also Irving, 2023 WL 2484822, at *2. Ms. Knight thus cannot show that the SEU Defendants acted unreasonably under the circumstances, which is required for assault.

WHEREFORE, the SEU Defendants respectfully request that the Court dismiss Ms. Knight's second, third, fifth, and sixth claims, asserted against the SEU Defendants, for failure to state a claim, and accordingly dismiss the SEU Defendants as party defendants in this action.

Respectfully submitted,

This the 8th day of May, 2023.

/s/ Leslie C. Packer
Leslie C. Packer
N.C. State Bar No. 13640
Michelle A. Liguori
N.C. State Bar No. 52505
ELLIS & WINTERS LLP
P.O. Box 33550
Raleigh, North Carolina 27636
Telephone: (919) 865-7000
Facsimile: (919) 865-7010
leslie.packer@elliswinters.com
michelle.liguori@elliswinters.com

*Counsel for SEU Officer Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on May 8th, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sends notification of such filling to all counsel of record as follows:

| | |
|---|---|
| Abraham Rubert-Schewel<br>Tin Fulton Walker & Owen, PLLC<br>119 E. Main Street<br>Durham, NC 27701<br>schewel@tinfulton.com<br>*Counsel for Plaintiff* | Dorothy V. Kibler<br>City of Raleigh<br>PO Box 590<br>Raleigh, NC 27602<br>dorothy.kibler@raleighnc.gov<br>*Counsel for Defendant City of Raleigh* |
| Emily D. Gladden<br>Tin Fulton Walker & Owen, PLLC<br>204 N. Person Street<br>Raleigh, NC 27601<br>egladden@tinfulton.com<br>*Counsel for Plaintiff* | Jason Benton<br>Parker Poe Adams & Bernstein, LLP<br>620 South Tryon Street, Suite 800<br>Charlotte, NC 28202<br>jasonbenton@parkerpoe.com<br>*Counsel for Defendant Officer D.W. Deach* |
| William G. Simpson, Jr.<br>Tin Fulton Walker & Owen, PLLC<br>1526 E. Franklin St., Suite 102<br>Chapel Hill, NC 27514<br>wsimpson@tinfulton.com<br>*Counsel for Plaintiff* | Jessica Dixon<br>Parker Poe Adams & Bernstein, LLP<br>620 South Tryon Street, Suite 800<br>Charlotte, NC 28202<br>jasonbenton@parkerpoe.com<br>*Counsel for Defendant Officer D.W. Deach* |

    /s/ Leslie C. Packer
    Leslie C. Packer
    Michelle A. Liguori

    *Counsel for SEU Officer Defendants*